**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                          (973) 645-4693
   BANKRUPTCY JUDGE                                       Fax: (973) 645-2606

<u>**NOT FOR PUBLICATION**</u>

> **FILED**
>
> JAMES J. WALDRON, CLERK
>
> **OCT. 21, 2014**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
>
> BY: s/ *Ronnie Plasner*
>
> JUDICIAL ASSISTANT

October 21, 2014

<u>**LETTER OPINION**</u>
<u>**ORIGINAL FILED WITH THE CLERK OF THE COURT**</u>

Scura, Wigfield, Heyer & Stevens, LLP
Christopher J. Balala, Esq.
1599 Hamburg Turnpike
Wayne, New Jersey 07470
***Counsel for Debtor***

Pressler and Pressler, LLP
Lawrence J. McDermott, Jr., Esq.
7 Entin Road
Parsippany, New Jersey 07054
***Counsel for State of New Jersey, Division of Workers' Compensation***

Re:   **Ronnye Hurtado and Rina Hurtado**
      <u>**Case No.: 10-48668 (DHS)**</u>

Dear Counsel:

 Ronnye and Rina Hurtado (the "Debtors") seek to discharge a debt owed to the State of

New Jersey, Department of Labor and Workforce Development, Division of Workers'

Page 2
October 21, 2014

Compensation, Office of Special Compensation Funds (the "Department") and an award of attorneys' fees and costs for the Department's alleged violations of the automatic stay (the "Motion"). The Motion seeks to discharge a debt arising from a penalty assessed against the Debtors' business for its failure to maintain workers' compensation insurance as required by N.J.S.A. 34:15-79. The Department argues that the Motion should be dismissed in its entirety because the debt is a nondischargeable penalty pursuant to 11 U.S.C. § 523(a)(7).

For the reasons set forth below, the Court grants in part and denies in part the Debtors' Motion. The Court finds that the debt at issue is not "for the benefit of a governmental unit" as required by the exception to discharge provided for in 11 U.S.C. § 523(a)(7), and thus, the Debtors' Motion to discharge the debt is granted. Their Motion for attorneys' fees and costs for violations of the automatic stay is denied as the Court finds that the Department's conduct was not a willful violation of the automatic stay as required under 11 U.S.C. § 362(k).

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (F). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## FACTUAL BACKGROUND

In July 2008, the Department received an anonymous report of noncompliance regarding the failure of the Debtors' company, Ronny Hurtado Construction Inc. ("RHC"), to maintain

Page 3
October 21, 2014

workers' compensation insurance coverage as required by N.J.S.A. 34:15-79. (Department's Opposition to Debtors' Motion ("Dept.'s Opp'n"), Ex. A). The Department sent several compliance enforcement letters to the Debtors, to which they never responded, leading to penalties being assessed against RCH. (*Id.* Ex. B, D, F, H) When RHC failed to pay the penalties, a judgment in the amount of $9,577.97 was entered against it in the Superior Court of New Jersey.[1] (*Id.* Ex. J, L). On December 5, 2010, the Debtors filed a joint petition for bankruptcy under Chapter 7 of the Bankruptcy Code, listing the Department as a creditor. (Debtors' Brief in Support of Motion ("Debtors' Br."), at 1). The Debtors obtained a discharge on March 18, 2011. (*Id.*).

In February 2012, the judgment against RHC was amended to add Ronnye Hurtado as principal of the corporation. The Department retained Pressler and Pressler, LLP ("Pressler") to collect the judgment, and Pressler began pursuing the Debtors' personal property, including attempting to levy on a 2004 Cadillac. In January 2014, counsel for the Debtors advised Pressler of the Debtors' bankruptcy discharge and requested that it cease its collection efforts. Pressler continued its attempts to collect on the judgment, taking the position that the debt was a nondischargeable penalty pursuant to 11 U.S.C. § 523 (a)(7).

The Debtors filed the Motion on May 6, 2014, seeking to have the debt discharged and for an award of attorneys' fees and costs for the Department's alleged violations of the automatic stay.

---

[1] The penalty and judgment were mistakenly assessed and docketed against "Ronny Hurtado Construction Inc." instead of "Ronnye Hurtado Construction Inc." The docket statement was amended to correct this error on June 7, 2012.

Page 4
October 21, 2014

<u>**DISCUSSION**</u>

The issues before the Court are whether the debt owed to the Department is nondischargeable under 11 U.S.C. § 523 (a)(7), and, if not, whether the Department's collection efforts constitute a willful violation of the automatic stay that warrants an award of attorneys' fees and costs to the Debtors.

**I.**    <u>**Dischargeability**</u>

The threshold issue before the Court is whether the Department's judgment against the Debtors is nondischargeable pursuant to 11 U.S.C. § 523 (a)(7). The relevant portion of the statute provides:

> (a)    A discharge under section 727, . . . of this title does not discharge an individual debtor from any debt . . .
>
> (7) to the extent such debt is for a fine, <u>penalty</u>, or forfeiture payable to and <u>for the benefit of a governmental unit,</u> and is not compensation for actual pecuniary loss, other than a tax penalty . . . . (Emphasis added)

11 U.S.C. § 523(a)(7). Establishing a debt as nondischargeable under this provision requires proof of the following elements: (1) the debtor incurred a debt; (2) the debt constitutes a fine, penalty, or forfeiture; (3) the debt is payable to a governmental unit; (4) the debt is payable for the benefit of a governmental unit; (5) the debt is not compensation for actual pecuniary loss; and (6) the debt is not a tax penalty. *In re Kish*, 238 B.R. 271, 283 (Bankr. D.N.J. 1999). Creditors have the burden of establishing the nondischargeability of a debt and exceptions to discharge are "strictly construed in favor of debtors*"* in furtherance of the Bankruptcy Code's goal of providing debtors with a fresh start. *Ins. Co. of North America, v. Cohn*, 54 F.3d 1108, 1113 (3d

4

Page 5
October 21, 2014

Cir. 1995).   The parties do not dispute that the debt at issue is a penalty payable to a governmental unit but disagree as to whether it is "for the benefit of a governmental unit." 11 U.S.C. § 523(a)(7).

The penalty was assessed against RHC due to its failure to maintain workers' compensation insurance coverage as required by N.J.S.A. 34:15-79.   The statute provides that penalties for such violations are collected by the Division of Workers' Compensation in accordance with N.J.S.A 34:15-120 and paid into the "uninsured employers fund" (the "Fund"). N.J.S.A. 34:15-79(d).  The purpose of the Fund is to "provide for the payment of awards against uninsured defaulting employers who fail to provide compensation to employees or their beneficiaries in accordance with the provisions of the workers' compensation law."   N.J.S.A 34:15-120(a).  Thus, penalties assessed for violations of the statute are used to pay workers' compensation claims to employees who would not otherwise receive compensation for their injuries due to their employers' failure to obtain the appropriate insurance coverage. N.J.S.A. 34:15-120.2.[2]

---

[2] The relevant portion of the statute , entitled "Award payable and benefit payments out of fund,"  provides:

> a. In any case in which a claim for compensation is filed pursuant to the provisions of the workers' compensation law, R.S. 34:15-1 et seq., and the employer has failed to secure the payment of compensation as required by R.S. 34:15-71 or R.S. 34:15-72 and to make payment of compensation according to the terms of any award . . . the award shall be payable out of the "uninsured employer's fund."

> b. Benefit payments from the "uninsured employer's fund" may include:

> (1) Compensation for reasonable medical expenses covered by the workers' compensation law, R.S. 34:15-1 et seq.; and
> (2) Compensation for temporary disability as provided in subsection a. of R.S. 34:15-12.

N.J.S.A. 34:15-120.2.

Page 6
October 21, 2014

The Department focuses its argument on the distinction section 523 (a)(7) makes between penalties or fines paid for the benefit of a governmental unit, which are not dischargeable, and penalties that are paid as "compensation for an actual pecuniary loss," which are dischargeable. Because no employees were injured in this case, the Department argues that the penalties were not imposed to compensate the government for losses suffered in paying the claims of an injured employee, but rather to benefit the government by punishing and deterring such violations.

The Department cites *New Jersey Department of Labor & Workforce Development, Division of Unemployment and Disability Insurance*, *vs. Jill E. Mensch (In re Mensch)*, No. 09-01817 (Bankr. D.N.J. June 1, 2011), to support its argument.  There, the Debtor did not disclose that she was partially employed when applying for unemployment benefits, causing the New Jersey Department of Labor & Workforce Development, Division of Unemployment Insurance (the "Division") to pay her $9,627.00 in unemployment benefits when she should have received only $6,159.00.  Thus, the Debtor was overpaid by $3,468.00.  The Division discovered that the Debtor was partially employed, and, after an investigation, determined that the payments were fraudulently obtained.  An appellate tribunal affirmed the Division's determination and held the Debtor liable for repayment of the full $9,627.00 in funds received, not just the $3,468.00 overpayment.  In addition, the Debtor was assessed a $2,406.75 fine.  The Debtor then filed for bankruptcy, and the court addressed the extent to which this debt was nondischargeable as a penalty payable to and for the benefit of the Division, as opposed to compensation for pecuniary loss.

Document      Page 7 of 11

Page 7
October 21, 2014

In considering the dischargeability of the Division's claims under section 523(a)(7), Judge Burns held that the $2,406.75 fine was clearly nondischargeable as a penalty paid for the benefit of the Division. *Id.* at 16.  Regarding the debtor's obligation to repay the $9,627.00 in unemployment benefits received, the court held that $3,468.00 was dischargeable because it was used to compensate the government for the loss it suffered by overpaying the Debtor.  *Id.* at 21 ("The refund of $3,468 in overpaid benefits is not non-dischargeable under Section 523(a)(7), because while such amount may be a penalty, it is also compensation for actual pecuniary loss to the Division, and as such is dischargeable.").  It held that the remaining $6,159.00 was not dischargeable because this portion of the penalty was not used to compensate the government for any loss (since, in the absence of any fraud, the debtor would have been entitled to that amount), but rather was assessed for punitive and deterrent purposes.  *Id.* at 19.

The Department argues that, like the $6,159.00 in *Mensch*, the penalties assessed here are nondischargeable because they were not imposed to reimburse the government for any pecuniary loss suffered and were instead assessed solely for punitive and deterrent purposes.  While it is true that the penalties were not used to compensate an actual pecuniary loss, this argument ignores the requirement that the penalties must also be paid "for the benefit of a governmental unit" in order to be nondischargeable.  *See In re Kish*, 238 B.R. 271, 286 (Bankr. D.N.J. 2009) ("Code section 523(a)(7) requires that the fine, penalty or forfeiture be payable not only 'to' a governmental unit, but also that it be 'for the benefit of a governmental unit.'").  That the penalty is not used to compensate the government for a pecuniary loss suffered is not dispositive, as it is only one of six elements required for a debt to be nondischargeable under 523(a)(7).  *Id*. at 283.

Page 8
October 21, 2014

Even if a penalty is not used to compensate the government for a loss, it still must be paid for the purpose of benefiting the government.

While penalties collected under N.J.S.A. 34:15-79 are paid into the Fund and "administered, maintained, and disbursed by the Commissioner of Labor," they do not benefit the government.  N.J.S.A 34:15-120.1(a).  To the contrary, N.J.S.A 34:15-120.11 makes it clear that the sole beneficiaries of payments from the Fund are workers' compensation claimants:

> the Division of Workers' Compensation shall use every available administrative means to ensure that benefit payments from the "uninsured employer's fund" are paid only to individuals who meet the eligibility requirements of the workers' compensation law
> . . . .

N.J.S.A. 34:15-120.11.  Thus, even though the penalties were not assessed to compensate the Department for a loss, the fact that they are collected solely for the benefit of workers' compensation claimants means that all of the elements required for a debt to fall within the exception to discharge under section 523(a)(7) are not present.

While there does not appear to be precedent addressing the issue of whether penalties assessed pursuant to N.J.S.A. 34:15-79 are nondischargeable, the majority of analogous case law supports a finding of dischargeability.  *See In re Kish*, 238 B.R. 271 at 287; *In re Rashid*, 210 F.3d 201, 208 (3d Cir. 2008) (holding debtor's restitution obligation dischargeable even though it may have passed through a governmental unit because it was "clear that the benefit—the money—is ultimately payable to the victims."); *In re Towers*, 162 F.3d 952 (7th Cir. 1998) (holding restitution obligations payable to the state attorney general dischargeable because the beneficiaries of the debt were the victims of the fraud, and not the government).  In *Kish*, the

Page 9
October 21, 2014

issue was whether prepetition surcharges collected by the New Jersey Division of Motor

Vehicles ("DMV") and distributed to independently run, state-subsidized insurance associations

for the payment of claims constituted penalties payable for the benefit of a governmental unit.  *In*

*re Kish*, 238 B.R. 271 (Bankr. D.N.J. 1999).  The court acknowledged that the surcharges were

penalties assessed by the State that were designed to inure to the general benefit of its citizens

and not to compensate a pecuniary loss.  *Id*. at 286.  Nonetheless, it held that they fell outside the

scope of the section 523(a)(7) exception to discharge because the beneficiaries of the penalties

were insurance claimants, not a governmental unit.  *Id*.

Here, as in *Kish*, the penalty assessed against the Debtors is clearly intended to benefit

insurance claimants, and not a governmental unit.  The Department, like the DMV, collects and

distributes penalties into a fund for the purpose of benefiting citizens of New Jersey with valid

workers' compensation claims.   Since the penalty is not payable for the benefit of a

governmental unit as required by section section 523(a)(7), the debt is dischargeable.

## II.      Willful Violations of the Automatic Stay Pursuant to 11 U.S.C. § 362(k)

Having determined that the debt in question is dischargeable, the Court turns to whether

the Department's collection efforts warrant an award of attorneys' fees and costs.

A bankruptcy discharge "operates as an injunction against the commencement or

continuation of an action, the employment of process, or an act, to collect, recover or offset any

such debt as a personal liability of the debtor . . . ."  11 U.S.C. § 524.  Debtors injured by

"willful" violations of the automatic stay are entitled to actual damages, including attorneys' fees

and costs.  11 U.S.C. § 362(k)(1).  To be considered willful, collection efforts need not be taken

Page 10
October 21, 2014

with the specific intent to violate the automatic stay as long as they are intentional and the creditor was aware that the automatic stay was in place.  *See In re University Medical Center*, 973 F.2d 1065, 1088 (3d Cir. 1992) (citing *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989)).  To prove a claim for a willful violation of the stay, a debtor must show, by a preponderance of the evidence:  (1) a stay violation occurred; (2) the creditor had knowledge of the bankruptcy case at the time of the conduct in question; and (3) the violation caused actual damages.  *In re Lienhard*, 498 B.R. 443, 450 (Bankr. M.D. Pa. 2013).

Here, there is no dispute that the judgment against the Debtors is a prepetition debt, the Department was scheduled in the Bankruptcy Petition, and the Department knowingly attempted to levy on the Debtors' vehicle after the Debtors received their bankruptcy discharge on March 18, 2011.  Clearly, the Department's conduct violated the injunction created by the discharge order.  Nevertheless, a collection attempt may not be a willful violation of the stay under section 362(k) when persuasive legal authority supports the position that the underlying debt is nondischargeable.  *See In re University Medical Center*, 973 F.2d at 1088; *See also In re Seymoure*, Nos. 07-4960, 07-4967, 2008 WL 1809309, at *3 (Bankr. D.N.J. Mar. 12, 2008) ("[A] violation of an automatic stay is not 'willful' if the law regarding the alleged violation is sufficiently unsettled.").  Although the Department continued to attempt to satisfy its judgment after it was aware of the Debtors' discharge, under the circumstances here its conduct does not constitute a willful violation of the stay because no previous authority addresses the dischargeablity of penalties assessed under N.J.S.A. 34:15-79 and relevant legal precedent could be interpreted to support the position that the debt was nondischargeable.  *See In re Kent*, 190

Page 11
October 21, 2014

B.R. 196 (Bankr. D.N.J. 1995) (holding surcharges payable to the DMV nondischargeable under section 523(a)(7)).

Since the law regarding the dischargeability of a penalty imposed pursuant to N.J.S.A. 34:15-79 is sufficiently unsettled, the Court finds that the Department's violation of the automatic stay was not willful and declines to award attorneys' fees and costs to the Debtors pursuant to section 362(h).

## **CONCLUSION**

The Debtors' Motion is granted in part and denied in part.  Because the debt in question is not payable "for the benefit of a governmental unit" as required by the exception to discharge under 11 U.S.C. § 523(a)(7), the Debtors' Motion to discharge the debt is granted.  The Debtors' Motion for attorneys' fees and costs for violations of the automatic stay is denied.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

Very truly yours,

s/   *Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure